UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| PATRICK L. MCCRORY, in his official capacity as Governor of the State of North Carolina, and FRANK PERRY, in his official capacity as Secretary, North Carolina Department of Public Safety,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF JUSTICE, LORETTA E. LYNCH, in her official capacity as United States Attorney General, and VANITA GUPTA, in her official capacity as Principal Deputy Assistant Attorney General,<br><br>Defendants. | CASE NO. _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Patrick L. McCrory, in his official capacity as Governor of the State of North Carolina ("Governor McCrory"), and Frank Perry, in his official capacity as Secretary, North Carolina Department of Public Safety ("Secretary Perry"), (collectively "plaintiffs") seek declaratory and injunctive relief against the United States of America ("United States"), the United States Department of Justice, Loretta Lynch, in her official capacity as United States Attorney General, and Vanita Gupta, in her official capacity as Principal Deputy Assistant Attorney General, for their radical reinterpretation of Title VII of the Civil Rights Act of 1964 which would prevent plaintiffs from protecting the bodily privacy rights of state employees while accommodating the needs of transgendered state employees. The United States, through its Department of Justice ("Department"), by letters dated May 4, 2016, threatened legal action

against Governor McCrory, Secretary Perry, and others, because plaintiffs intend to follow North Carolina law requiring public agencies to generally limit use of multiple occupancy bathroom and changing facilities to persons of the same biological sex. The Department contends that North Carolina's common sense privacy policy constitutes a pattern or practice of discriminating against transgender employees in the terms and conditions of their employment because it does not give employees an unfettered right to use the bathroom or changing facility of their choice based on gender identity. The Department's position is a baseless and blatant overreach. This is an attempt to unilaterally rewrite long-established federal civil rights laws in a manner that is wholly inconsistent with the intent of Congress and disregards decades of statutory interpretation by the Courts. The overwhelming weight of legal authority recognizes that transgender status is not a protected class under Title VII. If the United States desires a new protected class under Title VII, it must seek such action by the United States Congress. In any event, North Carolina law allows plaintiffs to accommodate transgender employees while protecting the bodily privacy rights of other state employees, and nothing in Title VII prohibits such conduct or constitutes discrimination in the terms and conditions of employment of transgender employees. Moreover, the Department has similarly overreached in its interpretation of the Violence Against Women Reauthorization Act of 2013 ("VAWA"). Even if VAWA specifically includes gender identity as a protected class, the North Carolina law is not discriminatory because it allows accommodations based on special circumstances, including but not limited to transgender individuals.

## PARTIES

1.  Plaintiff Patrick L. McCrory is the Governor of North Carolina. Under North Carolina law, Governor McCrory is the chief executive authority for executive branch agencies

within state government. Complying with the demands made in defendants' letter of May 4, 2016, would prevent Governor McCrory from discharging his obligations under the North Carolina Constitution.

2. Plaintiff Frank Perry is the Secretary of the North Carolina Department of Public Safety ("DPS"). Secretary Perry is the chief executive authority for DPS, which is an executive branch agency reporting to Governor McCrory. Complying with the demands made in defendants' letter of May 4, 2016, would prevent Secretary Perry from discharging his obligations under North Carolina law.

3. Defendant the United States, through its co-defendant the Department of Justice, has the authority to bring enforcement actions pursuant to Title VII and VAWA. The Department has threatened to bring such an enforcement action against the State of North Carolina and its officials.

4. Defendant United States Department of Justice is a federal executive agency and possesses responsibility for enforcement of Title VII and VAWA.

5. Defendant Loretta E. Lynch is the current Attorney General of the United States and head of the United States Department of Justice. She is sued in her official capacity only.

6. Defendant Venita Gupta is a Principal Deputy Assistant Attorney General at the United States Department of Justice and head of the Civil Rights Division of the United States Department of Justice. She has been delegated the responsibility to bring an enforcement action under Title VII against the State of North Carolina. She has been sued in her official capacity only.

## JURISDICTION AND VENUE

7.     In this action, plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. § 2201, et seq., the Federal Declaratory Judgment Act, and Rule 57 of the Federal Rules of Civil Procedure. The parties dispute whether plaintiffs' implementation of North Carolina's common sense bodily privacy law constitutes a violation of Title VII and VAWA.

8.     The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

9.     Venue is proper in this District under 28 U.S.C. § 1391(e) because the plaintiffs in their official capacities are residents of this District, specifically Raleigh, North Carolina, plaintiffs have employees in this District, and substantially all of the events creating the dispute between the parties occurred in this District.

## FACTS

10.    On March 23, 2016, the North Carolina General Assembly enacted the Public Facilities Privacy and Security Act ("the Act"). The Act created common sense bodily privacy protections for, among others, state employees, by requiring public agencies to require multiple occupancy bathroom or changing facilities to be designated for and only used by persons based on their biological sex. Biological sex is the physical condition of being male or female, and the Act notes that such condition is "stated on a person's birth certificate." The Act also allows accommodations based on special circumstances.

11.    On April 12, 2016, Governor McCrory issued "Executive Order 93 to Protect Privacy and Equality" ("EO 93"). EO 93 expanded discrimination protections to state employees on the basis of sexual orientation and gender identity, among others. EO 93 also affirmed North Carolina law that cabinet agencies should require multiple occupancy bathroom or changing facilities to be designated for and only used by persons based on their biological sex. EO 93 also

reaffirmed North Carolina law that agencies may make a reasonable accommodation upon request due to special circumstances and directed all agencies to make a reasonable accommodation of a single occupancy restroom, locker room, or shower facility when readily available and when practicable.

12. Upon information and belief, no transgender employee of the State of North Carolina has advanced a claim that the state employment policy as outlined above is discriminatory under Title VII.

13. Upon information and belief, no person has advanced a claim that the law is discriminatory under VAWA.

14. Nonetheless, on May 4, 2016, the Department asserted in letters to Governor McCrory and Secretary Perry that state law as outlined above constitutes a "pattern or practice" of discriminating against transgender state employees by denying such employees access to the bathroom or other changing facility of their chosen gender identity.

15. In addition, the Department asserted that the North Carolina Department of Public Safety has violated the non-discrimination provision of VAWA.

16. The Department further threatened to "apply to [an] appropriate court for an order that will ensure compliance with" the Department's misguided interpretations of Title VII and VAWA.

17. The Department's threat is real but misplaced. North Carolina does not treat transgender employees differently from non-transgender employees. All state employees are required to use the bathroom and changing facilities assigned to persons of their same biological sex, regardless of gender identity, or transgender status.

18. Moreover, the overwhelming weight of authority has refused to expand Title VII protections to transgender status absent Congressional action. Courts consistently find that Title VII does not protect transgender or transsexuality *per se*. See Etsitty v. Utah Transit Auth., 502 F.3d 1215, 1224 (10th Cir. 2007) ("Etsitty may not claim protection under Title VII based upon her transsexuality *per se*."); Lopez v. River Oaks Imaging & Diagnostic Grp., Inc., 542 F. Supp. 2d 653, 658 (S.D. Tex. April 3, 2008) (Atlas, J.) (acknowledging that "[c]ourts consistently find that transgendered persons are not a protected class under Title VII per se"); Spearman v. Ford Motor Co., 231 F.3d 1080 (7th Cir. 2000) ("Congress intended the term 'sex' to mean 'biological male or biological female,' and not one's sexuality or sexual orientation."); Oiler v. Winn-Dixie Louisiana, Inc., 2002 WL 31098541, at *6 (E.D. La. Sept. 16, 2002) ("[T]he phrase 'sex' has not been interpreted to include sexual identity or gender identity disorders."); Ulane v. E. Airlines, Inc., 742 F.2d 1081, 1084 (7th Cir. 1984) ("The words of Title VII do not outlaw discrimination against a person who has a sexual identity disorder…."); Sommers v. Budget Mktg., Inc., 667 F.2d 748, 750 (8th Cir. 1982) ("Because Congress has not shown an intention to protect transsexuals, we hold that discrimination based on one's transsexualism does not fall within the protective purview of [Title VII].")

19. In any event, even if transgender employees were covered by Title VII, plaintiffs intend, and are authorized under North Carolina law, to accommodate such individuals in the terms and conditions of their employment. Title VII does not prohibit employers, including state employers, from balancing the special circumstances posed by transgender employees with the right to bodily privacy held by non-transgender employees in the workplace. Title VII allows gender specific regulations in the workplace. See Finnie v. Lee Cnty., Miss., 907 F. Supp. 2d 750, 772 (N.D. Miss. Jan. 17, 2012) (Title VII "was never intended to interfere in the

6

Case 5:16-cv-00238-BO   Document 1   Filed 05/09/16   Page 6 of 10

promulgation and enforcement of personal appearance regulations by private employers."); Jackson v. Houston Gen. Ins. Co., 122 F.3d 1066, 1066 (5th Cir. 1997) (an employer does not violate Title VII by imposing different grooming and dress standards for male and female employees); Nichols v. Azteca Rest. Enterprises, Inc., 256 F.3d 864, 878 n.7 (9th Cir. 2001) ("We do not imply that all gender-based distinctions are actionable under Title VII. For example, our decision does not imply that there is any violation of Title VII occasioned by reasonable regulations that require male and female employees to conform to different dress and grooming standards"); Jespersen v. Harrah's Operating Co., Inc., 444 F.3d 1104, 1109-10 (9th Cir.2006) (en banc) (holding that Harrah's grooming standards requiring women to wear makeup and styled hair and men to dress conservatively was not discriminatory because the policy did not impose unequal burdens on either sex); Willingham v. Macon Tel. Pub. Co., 507 F.2d 1084, 1091-92 (5th Cir. 1975) (concluding that a grooming policy concerning hair length differences for males and females did not constitute sex discrimination and noting that such a policy relates "more closely to the employer's choice of how to run his business than to equality of employment opportunity").

20. Plaintiffs desire to implement state employment policies that protect the bodily privacy rights of state employees in bathroom and changing facilities. Plaintiffs also desire to accommodate the needs of state employees based on special circumstances, including but not limited to transgender employees. Defendants instead threaten to force plaintiffs to implement their reinterpretation of Title VII and VAWA while ignoring the bodily privacy of plaintiffs' employees. Such action by defendants threaten to expose plaintiffs to actual liability under Title VII, VAWA, and other provisions protecting the bodily privacy rights of employees in the workplace.

7
Case 5:16-cv-00238-BO   Document 1   Filed 05/09/16   Page 7 of 10

21. There is an actual controversy between the parties concerning whether plaintiffs may follow North Carolina law regarding bathroom and changing facility use.

22. A declaratory judgment will serve a useful purpose in clarifying and settling the legal issues, and will afford relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

23. Plaintiffs and the State of North Carolina will suffer significant and irreparable harm unless this Court intervenes.

## COUNT ONE:
## DECLARATION THAT PLAINTIFFS
## ARE IN COMPLIANCE WITH TITLE VII

24. The allegations of paragraphs 1 through 23 are re-alleged and incorporated herein by reference.

25. North Carolina does not treat transgender employees differently from non-transgender employees. All state employees are required to use the bathroom and changing facilities assigned to persons of their same biological sex, regardless of gender identity, or transgendered status.

26. Therefore, Plaintiffs respectfully request a declaration that they are not violating Title VII by following state law regarding bathroom and changing facility use by state employees.

## COUNT TWO:
## DECLARATION THAT PLAINTIFFS
## ARE IN COMPLIANCE WITH VAWA

27. The allegations of paragraphs 1 through 26 are re-alleged and incorporated herein by reference.

28. Even if VAWA specifically includes gender identity as a protected class, North Carolina law is not discriminatory because it allows accommodations based on special circumstances, including but not limited to transgender individuals.

29. Therefore, Plaintiffs respectfully request a declaration that they are not violating VAWA by following state law regarding bathroom and changing facility use.

## DECLARATORY RELIEF

WHEREFORE, plaintiffs pray for judgment pursuant to 28 U.S.C. § 2201 declaring that:

1. Plaintiffs are not violating Title VII or VAWA by following state law regarding bathroom and changing facility use by state employees;

2. Plaintiffs are not violating Title VII or VAWA by following state law allowing accommodations under special circumstances for employees who need exceptions to state policy regarding bathroom and changing facility use by state employees;

3. Plaintiffs are not in violation of Title VII or VAWA;

4. That this dispute be resolved in favor of plaintiffs such that plaintiffs do not have to incur damages in the form of back pay, front pay, benefits, liability, and other associated costs;

5. That plaintiffs recover their fees and costs in this matter; and

6. Such other further relief as the Court deems just and proper.

Respectfully submitted,

BOWERS LAW OFFICE LLC

By: /s/ Karl S. Bowers, Jr.
Karl S. Bowers, Jr.*
Federal Bar #7716
P.O. Box 50549
Columbia, SC 29250
Telephone: (803) 260-4124
E-mail: butch@butchbowers.com
*appearing pursuant to Local Rule 83.1(e)

*Counsel for Governor Patrick L. McCrory and Secretary Frank Perry*

By: /s/ Robert C. Stephens
Robert C. Stephens (State Bar #4150)
General Counsel
Office of the Governor of North Carolina
20301 Mail Service Center
Raleigh, North Carolina 27699
Telephone: (919) 814-2027
Facsimile: (919) 733-2120
E-mail: bob.stephens@nc.gov
*appearing as Local Rule 83.1 Counsel
*Counsel for Governor Patrick L. McCrory*


MILLBERG GORDON STEWART PLLC

By: /s/ William W. Stewart, Jr.
William W. Stewart, Jr. (State Bar #21059)
Frank J. Gordon (State Bar #15871)
B. Tyler Brooks (State Bar #37604)
1101 Haynes Street, Suite 104
Raleigh, NC 27604
Telephone: (919) 836-0090
Fax: (919) 836-8027
Email: bstewart@mgsattorneys.com
      fgordon@mgsattorneys.com
      tbrooks@mgsattorneys.com
*Counsel for Governor Patrick L. McCrory*

Dated: May 9, 2016
Raleigh, North Carolina