IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-238-BO

PATRICK L. MCCRORY, in his official )
capacity as Governor of the State of North )
Carolina, and FRANK PERRY, in his )
official capacity as Secretary, North )
Carolina Department of Public Safety, )
)
                Plaintiffs, )
)
v. )          O R D E R
)
UNITED STATES OF AMERICA, *et al.*, )
)
                Defendants. )

This cause comes before the Court on a motion by plaintiffs to transfer venue to the United States District Court for the Middle District of North Carolina pursuant to 28 U.S.C. § 1404(a). Plaintiffs represent that, although defendants have not yet appeared in this action, plaintiffs are authorized to state that the United States does not oppose transfer of this matter to the Middle District. For the reasons discussed below, plaintiffs' motion is denied.

## BACKGROUND

This action concerns the State of North Carolina's enactment of the Public Facilities Privacy and Security Act, specifically Part I of North Carolina Session Law 2016-3, House Bill 2. Plaintiffs' complaint was filed on May 9, 2016, and seeks a declaratory judgment that they are in compliance with Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, *et seq.*, and the Violence Against Women Reauthorization Act (VAWA), 42 U.S.C. § 13925(b)(13), by following state law regarding bathroom and changing facility use by state

employees. Later on May 9, 2016, the United States filed suit in the Middle District of North Carolina against the State of North Carolina, Governor McCrory, the North Carolina Department of Public Safety, and the University of North Carolina and its Board of Governors seeking a declaration that by complying with and implementing the provisions of House Bill 2 that apply to multi-occupancy bathrooms or changing facilities, defendants are discriminating in violation of Title VII, VAWA, and Title IX of the Education Amendments of 1972 (Title IX). 20 U.S.C. § 1681, *et seq.*

On May 17, 2016, plaintiffs in this suit filed a motion to transfer venue to the Middle District.

## DISCUSSION

A court may transfer venue in a civil action for the convenience of parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a). "An order allowing transfer of a matter to another district is committed to the discretion of the district court." *In re Ralston Purina Co.*, 726 F.2d 1002, 1005 (4th Cir. 1984).

The Court declines to transfer venue in this instance. The instant action was the first filed by a governmental entity related to the enforcement of House Bill 2 and its compliance with federal law.[1] "Where [as here] the same parties have filed similar litigation in separate federal fora, doctrines of federal comity dictate that the matter should proceed in the court where the action was first filed . . . ." *Nutrition & Fitness, Inc. v. Blue Stuff, Inc.*, 264 F. Supp. 2d 357, 360 (W.D.N.C. 2003); *see also Allied-Gen. Nuclear Services v. Cmmw. Edison Co.*, 675 F.2d 610, 611 (4th Cir. 1982).

There is no question that venue is proper here. *See* 28 U.S.C. § 1391(e). Further, this district is the site of the state capitol and where the legislature and governor reside and act. The

---
[1] This action was filed at 8:31 a.m. EDT on May 9, 2016.

2

nexus for the United States' suit in the Middle District is the inclusion of the University of North Carolina as a defendant and a claim involving Title IX. In point of fact, however, any ruling on House Bill 2's compliance with Title IX would affect the entire University of North Carolina system and its institutions across the state, and that action could have been properly filed in this district as well. There is no congestion of this Court's docket or other impediment to proceeding in this district. For these reasons, the Court is not persuaded that transfer of this action is warranted.

## CONCLUSION

Accordingly, plaintiffs' motion to transfer venue [DE 9] is DENIED.

SO ORDERED, this __7__ day of June, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE