IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-238-BO

PATRICK L. MCCRORY, in his official )
capacity as Governor of the State of North )
Carolina, and FRANK PERRY, in his )
official capacity as Secretary, North )
Carolina Department of Public Safety, )
)
                     Plaintiffs, )
)
v. )                     O R D E R
)
UNITED STATES OF AMERICA, *et al.*, )
)
                     Defendants. )

This cause comes before the Court on a motion to consolidate pursuant to Rule 42 of the Federal Rules of Civil Procedure filed in this matter by the plaintiffs in *Berger v. United States Dept. of Justice*, No. 5:16-CV-240-FL. Plaintiffs in this action have responded indicating that they do not oppose consolidation to the extent that it does not impede or interfere with transfer of this action to the Middle District.[1] [DE 31]. The motion to consolidate represents that the federal defendants, who have not yet appeared in this action, oppose consolidation.

Rule 42 provides for the consolidation of actions pending before a court if the actions involve common questions of law or fact. Fed. R. Civ. P. 42(a). The Court has broad discretion to consolidate cases pending in this district, *A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.*, 559 F.2d 928, 933 (4th Cir. 1977), and it does not require consent of the parties to do so. *See, e.g., Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 191 (4th Cir. 1982) (discussing sua sponte consolidation); *see also Conn. Gen. Life Ins. Co. v. Sun Life Assur. Co. of Can.*, 210 F.3d

---

[1] The Court has denied plaintiffs' motion to transfer. [DE 34].

771, 774 (7th Cir. 2000) (consent of parties not required for consolidation). In determining whether to consolidate cases, a court considers the risks of prejudice and possible confusion against the risk of inconsistent adjudications of common factual and legal issues, as well as the burden on the parties and judicial resources including the length of time required to conclude multiple suits and the relative expense to all concerned. *Arnold*, 681 F.2d at 193.

These cases include common factual and legal issues and the risk of inconsistent judgment outweighs any potential prejudice to the parties. The Court further finds that consolidation would not impose any undue burden on the parties or witnesses in these matters. As sufficient time has passed to consider any reason to deny consolidation and no good reason exists, and in furtherance of the efficient and timely administration of justice, the Court in its discretion ALLOWS the motion to consolidate. [DE 11].

SO ORDERED, this 13 day of June, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE