IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-238-BO

PATRICK L. MCCRORY, in his official )
capacity as Governor of the State of North )
Carolina, and FRANK PERRY, in his )
official capacity as Secretary, North )
Carolina Department of Public Safety, )
                                    )
                    Plaintiffs, )
                                    )
v.                                   )            O R D E R
                                    )
UNITED STATES OF AMERICA, *et al.*, )
                                    )
                    Defendants. )

       This cause comes before the Court on a motion to consolidate pursuant to Rule 42 of the Federal Rules of Civil Procedure filed in this matter by the plaintiffs in *North Carolinians for Privacy v. United States Dept. of Justice*, No. 5:16-CV-245-FL. Plaintiffs in this action have responded indicating they do not oppose consolidation. [DE 40]. The federal defendants have responded in opposition to the motion. [DE 38]. Plaintiffs in *Berger v. United States Dept. of Justice*, No. 5:16-CV-240-FL, whose motion to consolidate this Court recently allowed [DE 36], have responded stating they do not oppose the motion to consolidate by North Carolinians for Privacy. [DE 42].

       Rule 42 provides for the consolidation of actions pending before a court if the actions involve common questions of law or fact. Fed. R. Civ. P. 42(a). The Court has broad discretion to consolidate cases pending in this district, *A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.*, 559 F.2d 928, 933 (4th Cir. 1977), and it does not require consent of the parties to do

so. *See, e.g., Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 191 (4th Cir. 1982) (discussing sua sponte consolidation); *see also Conn. Gen. Life Ins. Co. v. Sun Life Assur. Co. of Can.*, 210 F.3d 771, 774 (7th Cir. 2000) (consent of parties not required for consolidation). In determining whether to consolidate cases, a court considers the risks of prejudice and possible confusion against the risk of inconsistent adjudications of common factual and legal issues, as well as the burdens on the parties and judicial resources. *Arnold*, 681 F.2d at 193.

Having reviewed the complaints as well as the motion and responses thereto, and as found previously in regard to the motion by the *Berger* plaintiffs, the Court finds these cases to include common factual and legal issues, that consolidation would not impose any undue burden on the parties or witnesses in these matters, and that consolidation would further the efficient and timely administration of justice. Therefore, the Court in its discretion ALLOWS the motion to consolidate by North Carolinians for Privacy. [DE 22].

SO ORDERED, this _20_ day of June, 2016.

                                                *Terrence W. Boyle*
                                                TERRENCE W. BOYLE
                                                UNITED STATES DISTRICT JUDGE