IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-238-BO

PATRICK L. MCCRORY, in his official        )
capacity as Governor of the State of North )
Carolina, and FRANK PERRY, in his          )
official capacity as Secretary, North      )
Carolina Department of Public Safety,      )
                                           )
                        Plaintiffs,        )          O R D E R
                                           )
v.                                         )
                                           )
UNITED STATES OF AMERICA, *et al.*,        )
                                           )
                        Defendants.        )

This cause comes before the Court on a motion by Steven-Glenn: Johnson to intervene as

a plaintiff in this action under Rule 24 of the Federal Rules of Civil Procedure. [DE 33].

Plaintiffs and defendants have noted their opposition to intervention by Johnson. [DE 45, 47].

For the reasons discussed below, the motion to intervene is denied.

## BACKGROUND

This action concerns the State of North Carolina's enactment of the Public Facilities

Privacy and Security Act, specifically Part I of North Carolina Session Law 2016-3, House Bill

2. Plaintiffs' complaint seeks a declaratory judgment that they are in compliance with Title VII

of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, *et seq.*, and the Violence Against

Women Reauthorization Act (VAWA), 42 U.S.C. § 13925(b)(13), by following state law

regarding bathroom and changing facility use by state employees.

Proposed-intervenor Johnson moves in his capacity as a natural born North Carolinian to

intervene in this action, stating that he is

> among the general class of North Carolinians or general public whose trust has
> been betrayed by the North Carolina Bar and other acting public officials who
> have failed to take, subscribe and/or file the proper oath in the proper office that
> qualifies each of those acting officials to hold and take upon the duties of the
> individual office that they currently purport to hold, including but not limited to
> all attorneys-at-law in North Carolina, the office of Governor, the Attorney
> General, and the Judges of the NC Judicial Branch.

[DE 33 at 2]. Johnson contends that, as attorney-in-fact of the State and his appointment as

trustee of the resulting trust declaration and agreement, he has the authority to bring this action

as the current plaintiffs do not hold the offices they purport to hold and do not sufficiently

represent the interests of Johnson or the general population of North Carolina. Johnson's

proposed complaint in intervention seeks entry of judgment pursuant to 28 U.S.C. § 2201 that

House Bill 2 is null and void due to the fact that it was not enacted by properly sworn officers or

members of the General Assembly and that the United States of America has no jurisdiction to

dictate a change to the status quo common law of North Carolina. [DE 33-1].

## DISCUSSION

Intervention by a party in an existing action must be permitted under certain

circumstances. Rule 24(a)(2) mandates that an application for intervention as of right "must

meet all four of the following requirements: (1) the application to intervene must be timely; (2)

the applicant must have an interest in the subject matter of the underlying action; (3) the denial

of the motion to intervene would impair or impede the applicant's ability to protect its interest;

and (4) the applicant's interest is not adequately represented by the existing parties to the

litigation." *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999). Alternatively, a

court may permit a party to intervene in an action where the applicant has a claim or defense that

shares a common question of law or fact with the primary action. Fed. R. Civ. P. 24(b)(1)(B).

2

Whether a party has satisfied the requirements for intervention as of right or permissive intervention is committed to the discretion of the court. *Stuart v. Huff*, 706 F.3d 345, 349 (4th Cir. 2013).

Johnson has failed to demonstrate that he must be permitted to intervene as of right. While Johnson's application to intervene was made early in the course of the case and he arguably has an interest in the underlying action, the denial of his motion to intervene would not impair or impede his ability to protect his interest. "[I]n order to intervene of right, a party need not prove that he would be bound in a res judicata sense by any judgment in the case," but rather must show that the disposition of the case would impair his "ability to protect his interest in the transaction." *Spring Const. Co., Inc. v. Harris*, 614 F.2d 374, 377 (4th Cir. 1980). Plaintiffs filed this suit seeking a declaration that House Bill 2 does not violate either Title VII or VAWA. Johnson's claims as reflected in his proposed intervenor complaint concern the authority of the legislature and the governor to enact House Bill 2, as well as the United States' jurisdiction to dictate a change to North Carolina's status quo common law, including but not limited to the tenets of House Bill 2. Not allowing Johnson to intervene in this action would not force him to try to relitigate issues present in this case, *Liberty Mut. Fire Ins. Co. v. Lumber Liquidators, Inc.*, 314 F.R.D. 180, 186 (E.D. Va. 2016), or preclude him "from later pressing [his] interests in another suit." *Francis v. Chamber of Com. of United States*, 481 F.2d 192, 195 (4th Cir. 1973). Moreover, the practical burden of initiating a separate suit is an insufficient basis upon which to find that an applicant in intervention's interests would be impaired or impeded. *Ohio Valley Envtl. Coalition, Inc. v. McCarthy*, 313 F.R.D. 10, 26 (S.D.W. Va. 2015) (citing *Francis*, 481 F.2d at 195).

Johnson has thus failed to satisfy one of the four requirements, and cannot therefore

3

demonstrate that he should be allowed to intervene as of right.

Nor has Johnson demonstrated that he should be allowed to permissively intervene. A party may be allowed to permissively intervene where he "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). As noted above, the decision to permit a party to permissively intervene is committed to the Court's discretion, and in exercising that discretion a court "must consider whether the intervention will unduly delay or prejudice adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Where, as here, a party seeks to inject additional issues into a case which would protract the litigation and cause undue delay, permissive intervention is properly denied. *ManaSota-88, Inc. v. Tidwell*, 896 F.2d 1318, 1323 (11th Cir. 1990).

## CONCLUSION

Accordingly, for the reasons discussed above, movant Johnson's motion to intervene [DE 33] is DENIED.

SO ORDERED, this __/__ day of September, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4